IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CENTER FOR FOOD SAFETY; KAHEA; FRIENDS OF THE EARTH, INC., and PESTICIDE ACTION NETWORK NORTH AMERICA | ) ) ) ) ) ) | CV. NO. 03-00621 JMS-BMK<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY PLAINTIFFS' FEE PETITION |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| MIKE JOHANNS, Secretary, U.S. Department of Agriculture; WILLIAM T. HAWKS, Under Secretary of Agriculture for Marketing and Regulatory Programs; BOBBY R. ACCORD, Deputy Administrator, U.S. Department of Agriculture, Animal and Plant Health Inspection Service and CINDY SMITH, Deputy Administrator, U.S. Department of Agriculture, Animal and Plant Health Inspection Service, Biotechnology Regulatory Services Program, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| BIOTECHNOLOGY INDUSTRY ORGANIZATION, | ) ) ) ) | |
| Intervernor. | ) ) | |

## ORDER DENYING DEFENDANTS' MOTION TO STAY PLAINTIFFS' FEE PETITION

Before the Court is Defendants' Motion to Stay Plaintiffs' Fee Petition. The Motion was heard on November 2, 2006. After careful consideration of the Motion, supporting and opposing memoranda, and arguments of counsel, Defendants' Motion is hereby DENIED.

### FACTUAL BACKGROUND

On September 21, 2006, after the conclusion of several years of litigation in the district court, Plaintiffs filed a motion for attorneys' fees and costs. Plaintiffs filed a Statement of Consultation on October 2, 2006. On that same day, Defendants filed this motion to stay the petition pending final judgment from the Ninth Circuit Court of Appeals. At issue is whether 28 U.S.C. § 2412(d) allows fee petitions to be filed before an appellate court's final judgment in a case.

### RELEVANT LAW

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2000), allows a party that prevails against the United States to recover attorneys' fees. To obtain fees, a party must, "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . ." 28 U.S.C. § 2412(d)(1)(B). The phrase "final judgment" is defined by § 2412(d)(2)(G) as "a

judgment that is final and not appealable . . . ."  Thus, it is well settled that a party cannot file a fee petition more than thirty days after the "final demise" of a case. Al-Harbi v. INS, 284 F.3d 1080, 1084 (9th Cir. 2002).  What is not well settled, however, is whether a party can file a fee petition *before* a final judgment is issued. See Melkonyan v. Sulliavan, 501 U.S. 89, 103 (1991) (declaring that the case before it was "not an appropriate vehicle for resolving the issue" of whether § 2412(d)(1)(B) permits a party "to apply for fees at any time *up to* 30 days after entry of judgment").  This is precisely what is at issue here.

## DISCUSSION

Defendants argue that § 2412(d)(1)(B) provides a window for filing fee petitions that opens at final judgment and closes thirty days thereafter. Therefore, they argue, consideration of Plaintiffs' fee petition should be stayed until after appellate proceedings have resulted in a final judgment.  Plaintiffs, on the other hand, argue that § 2412(d)(1)(B) merely provides a filing deadline of thirty days after final judgment, but does not proscribe the filing and consideration of fee petitions filed before final judgment.  Plaintiffs argue that their petition is not untimely even though there is not yet a final judgment in the case.

Plaintiffs interpretation of § 2412(d)(1)(B) prevails.  All of the courts that have addressed this precise issue have agreed that § 2412(d)(1)(B) provides a

deadline for filing cases rather than a window of opportunity. Moreover, the legislative history of § 2412(d)(1)(B) strongly supports the conclusion that fee petitions may be filed and considered before final judgment.

Although the Ninth Circuit Court of Appeals has not yet decided whether § 2412(d)(1)(B) constitutes a deadline or a window, all Ninth Circuit district courts that have examined this issue since the 1985 amendments to the statute have decided that it is a deadline, not a window.[1] See e.g., <u>Utu Utu Gwaitu Paiute Tribe of Benton Paiute Reservation v. Dept. of the Interior</u>, 773 F.Supp. 1383, 1385 (E.D.Cal. 1991) (finding that EAJA fee petitions "may be filed any time after the district court has entered judgment, but 'within 30 days' of 'final judgment'"); <u>Cervantez v. Sullivan</u>, 739 F.Supp. 517, 520 (E.D.Cal 1990) (finding that the court had jurisdiction to consider a fee petition filed before final judgment because "Congress intended the 30-day period to represent a final deadline for the filing of fee petitions rather than a fixed window within which such petitions must be filed").

The only two United States Courts of Appeals to examine this issue have similarly found that EAJA fee petitions may be filed and considered prior to

---

[1] This precise issue is not decided in <u>Animal Lovers Volunteer Association v. Carlucci</u>, 867 F.2d 1224 (9th Cir. 1989), which addresses only what constitutes a "prevailing party" under § 2412(d).

final judgment. See Cummings v. Sullivan, 950 F.2d 492, 495 n.4 (7th Cir. 1991) (stating that "a claimant's application for EAJA fees can be treated as filed despite the lack of formal entry of final judgment"); Haitian Refugee Center v. Meese, 791 F.2d 1489, 1495 (11th Cir. 1986) (finding that a fee application was timely filed where a final judgment had not yet been entered).

  The cases Defendants rely upon do not control because they have not addressed this precise issue. At the hearing, Defendants particularly directed the Court's attention to Al-Harbi, 284 F.3d 1080. Al-Harbi, in referring to "the 30-day period during which an applicant can file for EAJA fees" does seem to assume that the thirty day period is a window, not a deadline. Id. at 1083. However, this was not at issue in the case. At issue in Al-Harbi was only whether the thirty day limit ends before or after the time to petition for certiorari expires. Nowhere did the Al-Harbi panel directly address or examine whether a fee petition may be filed and considered prior to final judgment. The other cases cited by Defendants are similarly inapposite.

  The legislative history of § 2412(d)(1)(B) also strongly supports the conclusion that fee petitions may be filed and considered prior to final judgment. The House Judiciary Committee stated in its report that "[f]ee petitions may be filed before 'final judgment,'" and that in such cases, "the petition should be

5

treated as if it were filed during the thirty-day period following the final decision." H.R.Rep. No. 99-120(I), at 18 n.26 (1985) *reprinted in* 1985 U.S.C.C.A.N 132, 146.  The Judiciary Committee also specifically amended its report to clarify that the "final judgment" amendment "ratifie[d] the approach taken by the court[] in McDonald v. Schweiker, 726 F.2d 311 (7th Cir. 1983) . . . ."  H.R.Rep. No. 99-120(II), at 6 (1985) *reprinted in* 1985 U.S.C.C.A.N. 151, 156.

      In McDonald, decided prior to the 1985 amendments to the EAJA, Judge Posner interpreted "final judgment" to mean the final appellate decision of a case rather than a decision of the district court. 726 F.2d at 314.  Additionally, he stated that the thirty day provision in the EAJA was "meant to establish a deadline, not a starting point."  726 F.2d at 314.  The fact that the Judiciary Committee amended their report to specifically include this reference to McDonald makes it likely that the committee intentionally embraced not only Judge Posner's interpretation of "final judgment," but also his interpretation of the thirty day filing limitation as a deadline rather than a window.  Thus, both the case law and the legislative history demonstrate that fee petitions filed under 28 U.S.C. § 2412(d)(1) may be considered prior to final judgment.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is DENIED. Both parties will resume briefing on Plaintiffs' motion for attorneys' fees and costs. Defendants shall submit any memorandum in opposition to Plaintiffs' motion by November 22, 2006. Plaintiffs shall submit any memorandum in reply to Defendants' opposition by December 6, 2006.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: November 7, 2006

Center for Food Safety v. Johanns; ORDER DENYING DEFENDANTS' MOTION TO STAY PLAINTIFFS' FEE PETITION; Cv. No. 03-00621 JMS-BMK.